UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA


PAUL DAVID SHOEMAKER and                )
MARIA-JANET,                            )       No.  3:12-mc-05015-DWM
                                        )
                Petitioner,             )
                                        )
        vs.                             )       ORDER
                                        )
RONALD LEIGHTON, District Judge for the )
United States District Court for the    )
Western District of Washington,         )
                                        )
                Respondent.             )
_____ )


The petitioners seek a writ of mandamus compelling Judge Ronald Leighton

to withdraw orders that he issued in two other cases. *See Shoemaker v. Peterson*,

3:12-cv-5087-RBL (W.D. Wash.) (doc. 18); *Maria-Janet v. Shoemaker*, 3:12-cv-

5171-RBL (W.D. Wash.) (doc. 2). Judge Leighton dismissed both matters for

failing to state a claim upon which relief may be granted. He also dismissed the

1

latter case for lack of subject matter jurisdiction.

In both cases, the petitioners filed unintelligible pleadings, covered in inked fingerprints, and failed to identify any factual allegations. As Judge Leighton remarked, "The Court cannot discern who the parties are, what conduct or events inspired the petition, or even what the petition is requesting."

The petitioners' claims are equally unintelligible here. About all that can be said of the claims is that the petitioners apparently wish to have this Court exercise jurisdiction over the two cases that were dismissed.

The proper remedy for the petitioners' claims is an appeal, not a petition for a writ of mandamus. A writ of mandamus is "an extraordinary remedy that may be obtained 'only to confine an *inferior court* to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to so.'" *Cordoza v. Pac. Sts. Steel Corp.*, 320 F.3d 989, 998 (9th Cir. 2003) (quoting *Will v. United States*, 389 U.S. 90, 95 (1967)) (emphasis added); *see* 28 U.S.C. § 1651(a).

Courts are to consider the five *Bauman* factors when deciding whether to grant a petition for a writ of mandamus:

1.    the party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires;

2.	the petitioner will be damaged or prejudiced in a way not correctable on appeal;

3.	the district court's order is clearly erroneous as a matter of law;

4.	the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and

5.	the district court's order raises new and important problems, or issues of law of first impression.

*In re Andrich*, 668 F.3d 1050, 1051 (9th Cir. 2011) (citing *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir. 1977)).

The petitioners have not offered any explanation for why an appeal would be an inadequate remedy. But, perhaps more fundamentally, they have not explained how this Court has mandamus jurisdiction to begin with. A district court does not have jurisdiction to issue a writ of mandamus upon itself. Only a superior court—such as the U.S. Supreme Court or a court of appeals—may do that. *Cordoza*, 320 F.3d at 998 (quoting *Will*, 389 U.S. at 95).

Accordingly, IT IS ORDERED that the petitioners are ordered to show cause as to why this matter should not be dismissed for lack of subject matter jurisdiction. The petitioners must file their brief showing cause within 14 days of the date of this order. If the petitioners fail to do so, the petition will be dismissed.

Dated this 7th day of May 2012.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT